OSCN Found Document:ESTRADA v. KRIZ

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

ESTRADA v. KRIZ2015 OK CIV APP 19Case Number: 112453Decided: 01/29/2015Mandate Issued: 03/02/2015DIVISION IVTHE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 19, __ P.3d __

PHILLIP ESTRADA, Plaintiff/Appellant,v.DENNIS KRIZ,
HODGES TRANSPORT, MID-AMERICA PALLETT, LLC, et al., Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OFOKMULGEE COUNTY,
OKLAHOMA
HONORABLE H. MICHAEL CLAVER, TRIAL JUDGE
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS
Robert V. Seacat, SEACAT LAW, Tulsa, Oklahoma, for
Plaintiff/AppellantKenneth L. Brune, BRUNE LAW FIRM, Tulsa, Oklahoma, for
Defendants/Appellees
DEBORAH B. BARNES, JUDGE:
¶1 Plaintiff/Appellant Phillip Estrada (Estrada) appeals the trial court's
Order granting the motion to dismiss of Defendants/Appellees Dennis Kriz, Hodges
Transport, Mid-America Pallet, LLC, et al. (collectively, Defendants).
Defendants moved for dismissal "based upon [Estrada's] failure to plead [fraud]
with particularity, the Doctrine of Laches and the Doctrine of Equitable
Estoppel." Based on our review, we conclude Estrada's veil-piercing theory is
not subject to dismissal on the basis of any failure to plead fraud with
particularity; Estrada has successfully stated a claim which would entitle him
to relief under the Uniform Fraudulent Transfer Act, 24 O.S. 2011 §§ 112-123;
and the equitable doctrines asserted in the motion to dismiss are inappropriate
bases upon which to dismiss the petition. Consequently, we reverse the trial
court's Order granting the motion to dismiss, and we remand for further
proceedings.
BACKGROUND
¶2 Estrada filed a petition in October, 2012, alleging that in April, 2009, a
judgment was entered in his favor "and against Port City Properties, d/b/a
Hodges Warehouse . . . ." Estrada alleged that the judgment was entered "in the
total amount of $127,014.17, plus statutory costs," but that in 2011, on appeal
from that judgment, the Oklahoma Supreme Court affirmed in part and reversed in
part, "leaving intact the judgment for actual damages . . . and reversing the
punitive damages award," and leaving a "total remaining judgment . . . [of]
$108,616.17," plus post-judgment interest.
¶3 Estrada asserted in his petition that, during his attempt to collect this
judgment from Port City Properties, d/b/a Hodges Warehouse,

Dennis Kriz testified at an asset hearing before this Court [in April, 2010,]
that the business entity, Port City Properties, d/b/a Hodges Warehouse, no
longer had any assets, accounts or employees, and that Hodges Warehouse was
conducting business under the business entities, Hodges Transportation, LL[C]
and Mid-America Pallet, LLC.
9. Mr. Kriz also testified at the asset hearing that the business of Port
City Properties, d/b/a Hodges Warehouse, was intermingled with the business of
Hodges Transportation, LLC.
10. That the assets and former business operations of Hodges Warehouse that
were conducted under the business name of Port City Properties, d/b/a Hodges
Warehouse, have been transferred either post-petition or post-judgment to other
entities, including but not limited to Hodges Transportation, LLC, Mid-America
Pallet, LLC and/or other entities in an effort to avoid paying [Estrada's]
judgment.
¶4 Estrada requested that the court "pierce the corporate veil" of Port City
Properties, and hold Dennis Kriz personally liable for the April, 2009 judgment
"for his operating other corporate entities as the alter ego of Port City
Properties, d/b/a Hodges Warehouse, in order to avoid the judgment."
¶5 Estrada also asserted that Dennis Kriz violated "the Uniform Fraudulent
Transfer Act" by "caus[ing] the transfer of the assets of Port City Properties,
d/b/a Hodges Warehouse, to other corporate entities that he controls or owns a
majority stake in . . . with the intent and purpose to hinder, delay and/or
defraud [Estrada] as the judgment creditor . . . ."
¶6 In their answer, Defendants admitted that Kriz "provided testimony at an
asset hearing," but denied "any inference or interpretation . . . to the extent
they support [Estrada's] claims." They requested that Estrada take nothing by
way of his petition, and they set forth various affirmative defenses.
¶7 In January, 2013, Defendants filed a motion to dismiss claiming Estrada
failed to plead fraud with particularity, and also claiming his theories are
barred by the doctrines of laches and equitable estoppel. Defendants argue that
Estrada's theories of (1) "Pierc[ing] the Corporate Veil," and (2) "Violati[ng]
. . . the Fraudulent Transfer Act," are theories of fraud and, therefore,
Estrada was required to state with specificity "the time, place and contents of
the fraudulent action," together with "the identity of the party making the
fraudulent action and the consequences arising from the fraudulent conduct," in
order to satisfy the requirements of 12 O.S. Supp. 2013 § 2009(B).
¶8 Defendants also argue Estrada's action is barred by the doctrines of
laches and equitable estoppel because, "[a]t a minimum, Estrada was aware that
he intended to claim fraudulent transfer of assets as of the time of the asset
hearing on April 28, 2010," but allegedly took "no further action to enforce his
Judgment against Port City Properties or to assert claims against [Defendants]"
until the filing of the petition in this case in October, 2012.
¶9 Defendants did not attach any evidentiary materials to their motion to
dismiss or otherwise seek to convert it to a summary judgment motion.
Nevertheless, after Estrada filed his response and objection to the motion to
dismiss, Defendants filed a reply in which they argue that Estrada failed to
"dispute a single Statement of Fact as set forth in the Motion to Dismiss . . .
." They further state that "Estrada offers NO evidence or arguments to dispute
the facts set forth in the Motion to Dismiss . . . ."
¶10 In its Order filed in December, 2013, the trial court granted the motion
to dismiss without oral argument, and without setting forth the basis of its
decision. From the Order, Estrada appeals.
STANDARD OF REVIEW
¶11 Motions to dismiss are generally viewed with disfavor, and the burden of
demonstrating a petition's insufficiency - placed on the party moving for
dismissal - is not a light one. Fanning v. Brown, 2004 OK 7, ¶ 4, 85 P.3d 841. When reviewing a motion to dismiss, this
Court exercises de novo review. Wilson v. State ex rel. State Election
Bd., 2012 OK
2,
¶ 4, 270 P.3d
155.1 When reviewing a motion to dismiss, this Court examines
only the controlling law, not the facts, and, thus, this Court must take as true
all of the challenged pleading's allegations together with all reasonable
inferences which may be drawn from them. Id. "A pleading must not be
dismissed for failure to state a legally cognizable claim unless the
allegations indicate beyond any doubt that the litigant can prove no set
of facts which would entitle him to relief." Fanning, ¶ 4 (citation
omitted). In addition, "interpretation of statutory law presents a question of
law and statutes are construed to determine legislative intent in light of the
general policy and purpose that underlie them." Troxell v. Okla. Dep't of
Human Servs., 2013 OK 100, ¶ 4, 318 P.3d 206 (citation omitted).
ANALYSIS
I. The Requirement of Particularity
¶12 Title 12 O.S. 2011 §
2009(B) provides that "[i]n all averments of fraud or mistake, the
circumstances constituting fraud or mistake shall be stated with particularity.
Malice, intent, knowledge, and other condition of mind of a person may be
averred generally."2 The Oklahoma Supreme Court has explained that
"allegations of fraud must be stated with sufficient particularity to enable the
opposing party to prepare his/her responsive pleadings and defenses.
Particularity does not mean the plaintiff has to plead detailed
evidentiary matters." A-Plus Janitorial & Carpet Cleaning v. Employers'
Workers' Comp. Ass'n, 1997 OK 37, ¶ 35, 936 P.2d 916 (citation omitted) (footnotes omitted).
Section 2009(B) "requires specification of the time, place and content of
an alleged false representation, but not the circumstances or evidence from
which fraudulent intent could be inferred." Gianfillippo v. Northland Cas.
Co., 1993 OK
125, ¶ 11, 861 P.2d
308 (citation omitted).
¶13 "[T]he particularity requirement extends to all averments of fraud,
regardless of the theory of legal duty - statutory, tort, contract or
fiduciary." Gay v. Akin, 1988 OK 150, ¶ 8, 766 P.2d 985 (footnote omitted). For example, in
Akin the plaintiff filed suit against members of a board of directors of
a financial institution. She alleged they misrepresented the financial
institution as a public banking corporation (with, inter alia, deposit
insurance) and that, through advertisements, they lured her into depositing her
savings at the bank. Plaintiff sought recovery for these misrepresentations
based on theories of common-law fraud, and also based on a statutory provision
authorizing an action for fraud and deceit upon the public. Although one of her
theories was derived from the common law, and the other from statutory law,
because both theories were based on fraud or contained fraud as a necessary
element, the requirements of § 2009(B) applied to each theory.
¶14 However, an averment of fraud does not exist merely because the modifier
"fraudulent" is used. Black's Law Dictionary (9th ed. 2009), defines fraud, in
pertinent part, as

[a] knowing misrepresentation of the truth or concealment of a material fact
to induce another to act to his or her detriment. . . . 2. A
misrepresentation made recklessly without belief in its truth to induce another
person to act. 3. A tort arising from a knowing misrepresentation,
concealment of material fact, or reckless misrepresentation made to induce
another to act to his or her detriment.
In Oklahoma,

[t]he elements of fraud are: 1) a false material misrepresentation, 2) made
as a positive assertion which is either known to be false or is made recklessly
without knowledge of the truth, 3) with the intention that it be acted upon, and
4) which is relied on by the other party to his or her own
detriment.
Lopez v. Rollins, 2013 OK CIV APP 43, ¶ 12, 303 P.3d 911 (citation omitted).
¶15 Accordingly, an averment of fraud only exists where there is some "false
suggestion or suppression of the truth" - some false representation - by which
one "can get advantage over another," Croslin v. Enerlex, Inc.,
2013 OK 34, ¶ 11, 308 P.3d 1041, made with the intention that it be acted
upon. More exactly, fraud is "a generic term" that "is divided into actual fraud
and constructive fraud." Patel v. OMH Med. Ctr., Inc., 1999 OK 33, ¶ 34, 987 P.2d 1185 (footnotes omitted). "To be actionable,
both actual fraud and constructive fraud require detrimental reliance by the
person complaining," Howell v. Texaco Inc., 2004 OK 92, ¶ 32, 112 P.3d 1154 (citation omitted), and even constructive
fraud - although it "does not necessarily involve any moral guilt, intent to
deceive, or actual dishonesty of purpose" - requires a misrepresentation
(although the misrepresentation may consist of remaining silent when one has the
duty to speak) that "gains an advantage for the actor by misleading another to
his prejudice," Patel, ¶ 34 (footnote omitted).3
A. Piercing the Corporate Veil
¶16 Estrada seeks to pierce the corporate veil based on allegations that,
inter alia, Dennis Kriz operated other corporate entities as the alter ego of
Port City Properties, d/b/a Hodges Warehouse, in order to avoid the judgment.
The particularity requirement does not apply to a theory seeking to pierce the
corporate veil unless it rests on an averment of fraud (or mistake). In
Fanning, 2004 OK
7,
the plaintiff asserted a theory seeking to pierce the corporate veil and hold
the shareholders of a corporate entity individually liable for the obligations
and conduct of that entity. The plaintiff alleged

the shareholders used the corporate entity to defeat the public policy of
protecting a resident [of a nursing home] from neglect and abuse, that they
failed to secure and maintain liability insurance, and that they allowed [the
corporate entity] to become suspended from doing business within the state. She
also argued that the public policy of protecting elderly residents is a
compelling or overriding reason to disregard the corporate entity and pierce the
corporate veil.
Id. ¶ 17.
¶17 The Fanning Court first explained as follows:

Generally, a corporation is regarded as a legal entity, separate and distinct
from the individuals comprising it. However, the notion of a corporation's legal
entity, apart from the persons composing it, is introduced for convenience and
to serve the ends of justice. Accordingly, Oklahoma has long recognized the
doctrine of disregarding the corporate entity in certain circumstances. Courts
may disregard the corporate entity and hold stockholders personally liable for
corporate obligations or corporate conduct under the legal doctrines of fraud,
alter ego and when necessary to protect the rights of third persons and
accomplish justice. . . . Frazier v. Bryan Memorial Hosp. Authority,
1989 OK 73, ¶ 16, 775 P.2d 281, 288 (if one corporation is simply the
instrumentality of another corporation, the separation between the two may be
disregarded and treated as one).
Id. ¶ 16 (citations omitted). The Fanning Court then stated that,
"[s]ince this case does not involve fraud or mistake, [the plaintiff] was
only required to set forth a short and plain statement of her claims so
that the defendants would have fair notice of what [the plaintiff's] claims were
and the grounds upon which they rest." Id. ¶ 21 (emphasis added).
¶18 As quoted above, the Fanning Court specifically listed "the legal
doctrines of fraud [and] alter ego" as distinct theories. As stated by a
separate division of this Court, "[a]lthough several cases have discussed fraud
as a potential basis for ignoring formal corporate identity, it is not necessary
for fraudulent intent to be present for the alter ego theory to be applied to
pierce the corporate veil." Pennmark Res. Co. v. Okla. Corp. Comm'n,
2000 OK CIV APP 63, ¶ 17, 6 P.3d 1076 (citations omitted).
¶19 A brief review of federal jurisprudence is also instructive in this
regard.4 "The tendency under the Federal Rules is to discourage
motions to compel more definite complaints and to encourage the use of discovery
procedures to apprise the parties of the basis for the claims made in the
pleadings" - the "requirement of particularized pleading" set forth in Rule 9(b)
"is reserved for averments of fraud or mistake." In re O.P.M. Leasing Servs.,
Inc., 21 B.R. 986, 993 (Bankr. S.D.N.Y. 1982). In In re Suprema
Specialties, Inc. Securities Litigation, 438 F.3d 256 (3d Cir. 2006), the
United States Court of Appeals for the Third Circuit stated that, as to
averments of fraud,

Rule 9(b) requires a plaintiff to plead (1) a specific false representation
of material fact; (2) knowledge by the person who made it of its falsity; (3)
ignorance of its falsity by the person to whom it was made; (4) the intention
that it should be acted upon; and (5) that the plaintiff acted upon it to his
[or her] damage.
Id. at 270. The Suprema Specialties Court indicated that a
determination of whether a theory is subject to the particularity requirement
necessitates an assessment of the theory to determine whether acts of fraud on
the part of the defendants form the basis for the theory against them.
Id. (The Suprema Specialties Court stated that whether the
"Securities Act claim" at issue "is subject to Rule 9(b) requires an assessment
of the particular claim to determine whether acts of fraud on the part of the
defendants form the basis for the claim against them."). That is, Rule 9(b) is
applicable only "where the gravamen of the claim is fraud," such as where the
theory is one of negligent misrepresentation, a "close cousin" of fraud.
Baltimore Cnty. v. Cigna Healthcare, 238 F. App'x 914, 925 (4th Cir.
2007) (citation omitted). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d
1097, 1105-06 (9th Cir. 2003) (theories that are not "grounded in fraud," or for
which fraud "is not an essential element," are not subject to the heightened
pleading requirement of Rule 9(b)).
¶20 Accordingly, the particularity requirement does not apply to alter ego
and other veil-piercing theories unless fraud (or mistake) is a necessary
element. See Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117,
122 (S.D.N.Y. 1996) ("[B]ecause a veil piercing claimant can prevail without
proving fraud, plaintiff's alter ego allegations will not be held to the
particularity requirement of Fed.R.Civ.P. 9(b)."); Chicago Dist. Council of
Carpenters Pension Fund v. Ceiling Wall Sys., Inc., 915 F. Supp. 939, 942-43
(N.D. Ill. 1996) ("[B]ecause fraud is not a prerequisite to piercing the
corporate veil, Rule 9(b) does not apply to alter ego allegations.");
Laborers Combined Funds of Western Pa. v. Ruscitto, 848 F.Supp. 598,
600-01 (W.D. Pa. 1994) (Rule 8(a), which requires a short and plain statement of
the claim, applies to alter ego allegations "unless fraud is a necessary element
of the claim.") (footnote omitted) (citations omitted). Unless Estrada has made
fraud a basis or essential element of his veil-piercing theory, the
particularity requirement does not apply.
¶21 Moreover, in Fanning, the Court went on to state that even if the
allegations in the petition were not sufficient to withstand a motion to
dismiss, "the trial court still erred in dismissing the case without providing
[the plaintiff] with an opportunity to amend her complaint." 2004 OK 7, ¶ 23. The Court stated that, pursuant to
12 O.S. 2011 § 2012(G), "a mandatory
duty [is] placed on trial courts" to grant leave to amend if the defect can
be remedied. Id. (emphasis added).

In order for the courts to dismiss a claim for failure to state a cause of
action without giving the plaintiff the opportunity to amend, it must appear
that the claim does not exist rather than the claim has been defectively stated.
See Lockhart v. Loosen, 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078 (which draws a distinction between a
petition that is dismissible for want of a cognizable legal theory of liability
and one that is dismissible for insufficient facts under a recognized
theory).
Fanning, ¶ 23.5
¶22 As was the case in Fanning, the Order on appeal in this case
merely provides that "Defendant's Motion [to Dismiss] should be and is hereby
GRANTED," and it does not provide Estrada with leave to amend. In this regard
the Fanning Court stated, "If the trial court was of the opinion that the
claim was defectively pled, it should have provided [the plaintiff] with an
opportunity to amend. Accordingly, the trial court erred in dismissing [the
plaintiff's] petition." Id. ¶ 24.
¶23 Even more important to this case, "[f]ailure to plead fraud with
specificity is not a ground for dismissal." Muller v. Muller,
2013 OK CIV APP 90, ¶ 10, 311 P.3d 1247 (citation omitted). See
A-Plus, 1997 OK
37, ¶ 36. In A-Plus, the Oklahoma Supreme Court stated that "[t]he
method for securing the missing information" - i.e., in circumstances in which
allegations of fraud are made but are not stated with sufficient particularity
to enable the opposing party to prepare his/her responsive pleadings and
defenses - "is not by pressing for dismissal but rather by a motion to supply
the necessary particulars that would support the allegations of fraud."
Id. ¶ 36. In A-Plus, the Court concluded that

[b]ecause the record is devoid of any denied quest for particulars, the
defendants are not entitled to have the petition tested by the Gay v.
Akin [i.e., particularity] rule. Applying the Conley v. Gibson
standards,6 we find that the petition, even if wanting in some
particularity, is not subject to dismissal. The defendants are entitled to a
post-remand opportunity to press for specific information.
A-Plus, ¶ 36 (emphasis omitted).
¶24 Estrada's veil-piercing theory is not subject to dismissal on the basis
of failure to plead fraud with specificity, and the trial court erred in
dismissing this theory.
B. Fraudulent Transfer
¶25 Estrada has asserted a theory under the Uniform Fraudulent Transfer Act
(UFTA), 24 O.S. 2011 §§ 112-123, based on allegations that Estrada obtained a
judgment against an entity whose assets were transferred by Dennis Kriz to avoid
payment. "The purpose of the [UFTA] is to allow a creditor the opportunity to
invalidate the transfer of assets made by a debtor if the transfer has the
effect of placing assets out of reach of present and future creditors."
Burrows v. Burrows, 1994 OK 129, ¶ 9, 886 P.2d 984 (footnote omitted). Estrada states in his
petition that Dennis Kriz violated "the [UFTA]" by "caus[ing] the transfer of
the assets of Port City Properties, d/b/a Hodges Warehouse, to other corporate
entities that he controls or owns a majority stake in . . . with the intent and
purpose to hinder, delay and/or defraud [Estrada] as the judgment creditor . . .
." This allegation is practically in the language of the UFTA. See
24 O.S. 2011 § 116. See also Combs v.
Chambers, 283 F. Supp. 295, 296 (N.D. Okla. 1968) ("The [complaint] states
that the properties . . . were conveyed by the Defendant . . . with intent to
hinder, delay, and defraud the Plaintiff as one of his creditors. This
allegation is practically in the language of Oklahoma's Uniform Fraudulent
Conveyance Act. . . . The [c]omplaint states a claim for relief, and that claim
as stated is recognized by Oklahoma law.") (citation omitted) (footnote
omitted). We conclude Estrada has successfully stated a claim which would
entitle him to relief under the UFTA, and the trial court erred in dismissing
this theory.
II. Equitable Defenses of Laches and Equitable Estoppel
¶26 As stated above, Defendants argue Estrada's action is barred by the
doctrines of laches and equitable estoppel. "Estoppel and the equitable defense
of laches each share the elements of delay [in bringing a lawsuit] and resulting
prejudice to the other party. Equitable estoppel as well as laches must be
determined by the circumstances in each case and according to right and
justice." Sullivan v. Buckhorn Ranch P'ship, 2005 OK 41, ¶ 33, 119 P.3d 192 (footnotes omitted). At this stage of the
proceedings, both doctrines are inappropriate grounds for the dismissal of
Estrada's petition. Just as was the trial court below, in our review of this
appeal we are charged with reviewing the petition, and with taking as true all
of its allegations, together with all reasonable inferences which may be drawn
from them. We are not charged with reviewing the unsupported factual allegations
contained in Defendants' motion to dismiss. Estrada asserts in the petition that
it obtained a judgment against Port City Properties, d/b/a Hodges Warehouse, in
2009; that it held an asset hearing in 2010; and that the Supreme Court affirmed
in part and reversed in part the judgment in 2011. In 2012, Estrada brought this
action against Defendants based, in part, on the allegation that Port City "no
longer ha[s] any assets, accounts or employees . . . ." We conclude no
reasonable inference can be drawn at this time, and from the content of the
petition alone, that an inexcusable delay has occurred resulting in prejudice to
Defendants such that right and justice require the dismissal of the petition
based on the equitable doctrines forwarded by Defendants.
CONCLUSION
¶27 Defendants filed a motion to dismiss "based upon [Estrada's] failure to
plead [fraud] with particularity, the Doctrine of Laches and the Doctrine of
Equitable Estoppel." Estrada's veil-piercing theory is not subject to dismissal
on the basis of any failure to plead fraud with particularity. As to Estrada's
theory asserted under the UFTA, based on allegations that Estrada obtained a
judgment against an entity whose assets were transferred to avoid payment, this
allegation is practically in the language of the UFTA and we conclude Estrada
has successfully stated a claim which would entitle him to relief under the
UFTA. Finally, the equitable doctrines asserted in the motion to dismiss are
inappropriate bases upon which to dismiss the petition because no reasonable
inference can be drawn at this time, and from the content of the petition alone,
that an inexcusable delay has occurred resulting in prejudice to Defendants such
that right and justice require dismissal. Consequently, we reverse the trial
court's Order granting the motion to dismiss, and we remand for further
proceedings.
¶28 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
RAPP, P.J., and THORNBRUGH, J., concur.
FOOTNOTES
1 Although we do not know
the precise basis of the trial court's decision, we note that the Oklahoma
Supreme Court, in Gay v. Akin, 1988 OK 150, ¶ 6 n.13, 766 P.2d 985, stated that a dismissal based upon
"failure to plead fraud with sufficient particularity, as required by . . . §
2009(B), is treated as a dismissal for failure to state a claim." Appellate
courts also review de novo a district court's dismissal for failure to
state a claim. Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887.
2 We note that the Comprehensive Lawsuit Reform Act of
2009 - of which 12 O.S. 2011 §
2009(B) (i.e., as amended in 2009 and effective November 1, 2009) was a part
- was held unconstitutional in its entirety in Douglas v. Cox Retirement
Properties, Inc., 2013 OK 37, 302 P.3d 789. However, Douglas was decided after
the filing of the petition in this case, and, in addition, the exact language
contained in 12 O.S. 2011 §
2009(B) was reenacted in September, 2013, and is found in 12 O.S. Supp. 2014 § 2009.
3 We note that the particularity requirement may not
apply in the same manner or degree to averments of constructive fraud. See
Union Nat. Bank of Little Rock v. Farmers Bank, Hamburg, Ark., 786 F.2d 881,
886 n.6 (8th Cir. 1986) ("[T]he degree of particularization required for a
complaint alleging active fraud may be totally inappropriate in an action
involving constructive fraud.") (citation omitted). See also DLJ Mortgage
Capital, Inc. v. Kontogiannis, 594 F. SupP.2d 308, 330 (E.D.N.Y. 2009)
("Neither of these constructive fraud theories need be pleaded with
particularity to survive a motion to dismiss.").
4 In Akin, the Oklahoma Supreme Court stated:
In construing the Oklahoma Pleading Code's provisions which govern fraud
allegations, and in determining the detail necessary to satisfy the
"particularity" requirement, we are obliged to look to the Federal Rules of
Civil Procedure - the progenitor of our pleading code. Since the text of Federal
Rule 9(b) is incorporated verbatim in the Oklahoma pleading code, federal and
state jurisprudence is instructive.
1988 OK 150, ¶ 8 (footnote omitted).

5 This requirement is consistent with federal
jurisprudence. For example,
Where a pleading does not satisfy the heightened requirements of Rule 9(b),
the court should freely grant leave to amend. See Firestone [v.
Firestone], 76 F.3d [1205, 1209 (D.C. Cir. 1996)] (recognizing that
courts almost always grant leave to amend to cure deficiencies in pleading
fraud). Accordingly, the court should reserve dismissal with prejudice for
extreme situations where the pleader has had the opportunity to cure any
deficiencies but either has not or cannot do so.
McQueen v. Woodstream Corp., 244 F.R.D. 26, 34 (D.D.C. 2007) (citation
omitted) (internal quotation marks omitted).
6 "[A] complaint should not be dismissed for failure to
state a claim unless it appears beyond doubt that the plaintiff can prove no set
of facts in support of his claim which would entitle him to relief." Conley
v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote
omitted).

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Civil Appeals Cases
 CiteNameLevel

 2013 OK CIV APP 43, 303 P.3d 911, LOPEZ v. ROLLINSDiscussed
 2013 OK CIV APP 90, 311 P.3d 1247, MULLER v. MULLERDiscussed
 2000 OK CIV APP 63, 6 P.3d 1076, 71 OBJ 1639, PENNMARK RESOURCES CO. v. OKLAHOMA CORP. COMM'NDiscussed
Oklahoma Supreme Court Cases
 CiteNameLevel

 1988 OK 150, 766 P.2d 985, 59 OBJ 3601, Gay v. AkinDiscussed at Length
 1989 OK 73, 775 P.2d 281, 60 OBJ 1202, Frazier v. Bryan Memorial Hosp. AuthorityDiscussed
 1993 OK 125, 861 P.2d 308, 64 OBJ 2971, Gianfillippo v. Northland Cas. Co.Discussed
 1994 OK 129, 886 P.2d 984, 65 OBJ 3967, Burrows v. BurrowsDiscussed
 1997 OK 37, 936 P.2d 916, 68 OBJ 1266, A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Assoc.Discussed at Length
 1997 OK 103, 943 P.2d 1074, 68 OBJ 2550, LOCKHART v. LOOSENDiscussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWNDiscussed at Length
 2004 OK 92, 112 P.3d 1154, HOWELL v. TEXACO, INC.Discussed
 2005 OK 41, 119 P.3d 192, SULLIVAN v. BUCKHORN RANCH PARTNERSHIPDiscussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARDDiscussed
 2013 OK 34, 308 P.3d 1041, CROSLIN v. ENERLEX, INC.Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.Discussed
 2013 OK 100, 318 P.3d 206, TROXELL v. OKLAHOMA DEPT. OF HUMAN SERVICESDiscussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLERDiscussed
 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.Discussed
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 2009, Pleading Special MattersDiscussed at Length
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or MotionCited
Title 24. Debtor and Creditor
 CiteNameLevel

 24 O.S. 116, Fraudulent Transfers to Creditors - Actual IntentCited